Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

*Make part of the Records*

# UNITED STATES DISTRICT COURT
for the
__Eastern__ District of __Virginia__
__Norfolk__ Division

Mr. Ashley T. Brown

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

BAE System Norfolk Ship Repair

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. 2:20cv518
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑ Yes   ☐ No

**FILED**
OCT 1 3 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Ashley T. Brown
Address: 5616 Morningside ct
         VA. Beach, VA 23462
         City / State / Zip Code
County:
Telephone Number: 757-574-4699
E-Mail Address: A4brown1867@aol.com

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Mrs. Dawn Angrisani
Job or Title (if known): Head of Human Resource
Address: 750 Berkley ave.
         Norfolk, VA 23523
         City / State / Zip Code
County: Norfolk County
Telephone Number: 757-494-4000
E-Mail Address (if known):

[ ] Individual capacity   [✓] Official capacity

Defendant No. 2
Name:
Job or Title (if known):
Address:
         City / State / Zip Code
County:
Telephone Number:
E-Mail Address (if known):

[ ] Individual capacity   [ ] Official capacity

Defendant No. 3
Name
Job or Title *(if known)*
Address



                                                               City                State            Zip Code

County
Telephone Number
E-Mail Address *(if known)*

☐ Individual capacity     ☐ Official capacity

Defendant No. 4
Name
Job or Title *(if known)*
Address

                                                              City                State            Zip Code

County
Telephone Number
E-Mail Address *(if known)*

☐ Individual capacity     ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A.      Are you bringing suit against *(check all that apply)*:

           ☐ Federal officials (a *Bivens* claim)

           ☒ State or local officials (a § 1983 claim)

    B.      Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*14 Admendment of the Constitution for Racial dißcrimation*

    C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.



## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Complaint Brief pages 1 through 6
Attachments 1 through 7

B. What date and approximate time did the events giving rise to your claim(s) occur?

August 15, 2019

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Refer to Documents Brief 1 through 6
Attachments 1 through 7

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1,000,000 dollars for Racial wrongful termination discrimation, Hostile work environment

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

One million dollars compensation $1,000,000
one million dollars for punitive damages $1,000,000
Double cost for lost wages and make me whole

*[signature]*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/8/2020

Signature of Plaintiff: Ashley T. Brown

Printed Name of Plaintiff: MRS. Ashley T. BROWN

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
          City          State          Zip Code
Telephone Number: _____
E-mail Address: _____

*Make Part of the Records*

October 5, 2020                                              PER SE

TO: US District Court                          Eastern District of Virginia
600 Granby Street #193A                        Norfolk, Virginia
Norfolk, VA 23610

From: Ashley T. Brown / Plaintiff
5616 Morningside Ct.                           <u>COMPLAINT</u>
Virginia Beach, VA 23462
(757)574-4699

    V

BAE SYSTEM NORFOLK SHIP REPAIR/HR DAWN Angrisani
750 West Berkley Avenue
Norfolk, VA 23523
(757)494-4000/Defendant

To the Honorable Judge and Court,

1. I'm filing this complaint regarding my wrongful termination in August,15 of 2019. I was an Employee of BAE Systems. The written reason I was provided for my termination was defamation of a Supervisor and disobeying a direct order. I categorically and unequivocally oppose the argument that I defamed anyone or disobeyed a direct order. I filed under title <u>VII civil rights of 1964 for harassment,retaliation: va.code ann 63.2-1730,discrimation va code ann 2.1-714 and putting me in a hostile work environment.Exhibit 4 shows I never disobeyed a direct order, Iwas given a pass.</u>

2. In addition to being a rigger at BAE Systems I was also the Shop Steward for my department. I have been a shop steward for 7-8 years in shop 12. The incident that occurred happened while I was performing my duties as a shop steward and working in a capacity of a shop steward. As a shop steward I am a representative of the union. A part of my role includes negotiating grievances between union members and management/employer to ensure safe, unbiased and fair treatment for employees. However, I was not afforded that same respect. <u>Violation of Virginia code (40.1-51.2:1) 1979,c.354 Whistle Blower,Discrimination against employee for exercising rights.Myself and Mr. Thompson reported an assault to the police station.Grissom V. the miles Corp. United States of Appeals (Fourth Circuit 12/3/08) 549 f.3d 313. Shop steward protection under the NLRB working in the capacity of a union shop steward.</u>

AB

October 5, 2020

PRO SE

TO: US District Court
600 Granby Street #193A
Norfolk, VA 23510

Eastern District of Virginia
Norfolk, Virginia

From: Ashley T. Brown / Plaintiff
5616 Morningside Ct.
Virginia Beach, VA 23462
(757)574-4699

COMPLAINT

V

BAE SYSTEM NORFOLK SHIP REPAIR/HR DAWN Angrisani
750 West Berkley Avenue
Norfolk, VA 23523
(757)494-4000/Defendant

To the Honorable Judge and Court,

1. I'm filing this complaint regarding my wrongful termination in August 15 of 2019. I was an Employee of BAE Systems. The written reason I was provided for my termination was defamation of a Supervisor and disobeying a direct order. I categorically and unequivocally oppose the argument that I defamed anyone or disobeyed a direct order. I filed under title VII civil rights of 1964 for harassment, retaliation, va code ann 63.2-1730, discrimination va code ann 2.1-714 and putting me in a hostile work environment. Exhibit 4 shows I never disobeyed a direct order. I was given a pass.

2. In addition to being a rigger at BAE Systems I was also the Shop Steward for my department. I have been a shop steward for 7-8 years in shop 12. The incident that occurred happened while I was performing my duties as a shop steward and working in a capacity of a shop steward. As a shop steward I am a representative of the union. A part of my role includes negotiating grievances between union members and management/employer to ensure safe, unbiased and fair treatment for employees. However, I was not afforded that same respect. Violation of Virginia code (40.1-51.2:1) 1979 c.354 Whistle Blower. Discrimination against employee for exercising rights. Myself and Mr. Thompson reported an assault to the police station. Cirasuola V. the mines Corp. United States of Appeals Fourth Circuit 12,1985 769 F.2d 213. Shop steward protection under the NLRB working in the capacity of a union shop steward.

3. On July 22, 2019 I came into work on the evening shift which starts at 4 pm the supervisor Mr. Odum asked Ashley Brown to escort a coworker by the name of Mr. Thompson to Human Resources for a disciplinary action since I am a Union Shop Steward. I had just walked in and was setting my things down and needed to get a pass. The supervisor Mr. Odom who is day shift supervisor was visibly upset and told the employee not to wait for me. He should go to Human Resources by himself. I advised the supervisor Mr. Odom that I need to get a pass from my night time supervisor Mr. Gaylord. I'm getting the pass, the supervisor walked over to the employee Mr. Thompson in an aggressive nature, told the employee you have to go now and grabbed his harm when Mr. Thompson pulled his arm away he did it a second time and I said to the supervisor you don't have to grab the man's arm
and put my arm between the two of them. On the way to the Human resources department the employee Mr. Thompson was visibly upset and shaken and angry. He said he didn't have to put his hands on me. I'm pressing charges. I advised we are heading to Human resources when you get there you can tell them what happened. At the time I thought proper protocols would be followed, but what ensued was the human resources department at the behest of Dawn Angrisani decided they would investigate the employee as well as myself. Imagine my shock and Awe! When the employee pressed charges against Mr. Odom with the local police July 31, 2019 with me accomplice to the police station the human resources department initiated a cover up where 2 managers were sent to testify to what happened that day and Neither of the supervisors were in the room when the incident occurred when Mr. Odom put his hands on the employee. They covered up the incident and brushed it under the rug and Mr. Odom was never disciplined for his actions. After a 2-week investigation and the employee filing charges on supervisor Mr. Odom with the local police. I was released from employment by Mrs. Dawn Angrisani the human resources manager. I am certain my termination was retaliatory and being a whistleblower on management Mr. Odom but also the behaviors portrayed by management during my tenure lead me to believe that my race also played a role in being pushed out being that I'm African American and the majority of management is not and <u>I was violated under the whistleblower protection provision in code 8.01-216.8 of the virginia code. Lowery V Circuit City stores,Inc. 158 F.3d 742 (4th Circuit 1998) cited 173. and Holland V. Washington 487 F.3d 208(4th Circuit 2007) cited 932. Please refer to Exhibit 1and Exhibit 2. And title VII of the 1964 civil rights act and 1981racial discrimination statute code 42 u.s.c.2000e-2.</u>

*A.B*

Pg 2 of 5

3. On July 22, 2019 I came into work on the evening shift which starts at 4 pm the supervisor Mr. Odum asked Ashley Brown to escort a coworker by the name of Mr. Thompson to Human Resources for a disciplinary action since I am a Union Shop Steward. I had just walked in and was setting my things down and needed to get a pass. The supervisor Mr. Odum who is day shift supervisor was visibly upset and told the employee not to wait for me. He should go to Human Resources by himself. I asked the supervisor Mr. Odum that I need to get a pass from my night time supervisor Mr. Gaylord. In getting the pass, the supervisor walked over to the employee Mr. Thompson in an aggressive nature, told the employee you have to go now and grabbed his harm when Mr. Thompson pulled his arm away he did it a second time and I said to the supervisor you don't have to grab the man's arm and put my arm between the two of them. On his way to the Human resources department the employee Mr. Thompson was visibly upset and shaken and angry. He said he didn't have to put his hands on me. I'm pressing charges, I advised we are heading to Human resources when you get there you can tell them what happened. At the time I thought proper paper protocols would be followed, but what ensued was the human resources department in the behest of Dawn Angeasni decided they would investigate the employee as well as myself. Imagine my shock and Awe! When the employee pressed charges against Mr. Odum with the local police July 31, 2019 with me as accomplice to the police action the human resources department initiated a cover up where 2 managers were sent to testify to what happened that day and Neither of the supervisors were in the room when the incident occurred when Mr. Odum put his hands on the employee. They covered up the incident and brushed it under the rug and Mr. Odum was never disciplined for his actions. After a 2-week investigation and the employee filing charges on supervisor Mr. Odum with the local police, I was released from employment by Mrs. Dawn Angeasni the human resources manager. I am certain my termination was retaliatory and being a whistleblower on management Mr. Odum but also the behavior portrayed by management during my tenure had me to believe that my race also played a role in being parked out being that I'm African American and the majority of management is not and I was at times under the disciplinary actions provision in case, July 12-168 of the Virginia code. Lemon V Orsoni City, et of, Inc. 158 F.3d 742 (6th Circuit 1998), F.2d 173, and Pollard V. Washington, 402 U.S. 304 4th Circuit 2002 cited 752. Please refer to Exhibit and Exhibit J. Jud title VII of the 1964 civil rights act and 1981 racial discrimination statute refer 42 and 2000e-2.

4. April 4, 2019, I had just come back to work from foot surgery and I was walking slow and a rigger by the name of Mr. Hanson bumped me out of the way while I was walking in front of him. At the time I was in a lot of pain the surgery had been due to a work injury and I was concerned if he bumped me again and I fell down it would damage my foot and put me back out on workers compensation which I was out of work for six months or ruin the work I had just had surgery to correct and which he never said excuse me and yelled at me. Mr. Charlie was a witness and part of the investigation and I mentioned indirectly that if he bumped me again I would be pressing charges. When the investigation was resolved Ms. Dawn Angrisani said I discriminated against Mr. Hanson for not speaking to him who is a white male. Again, subjecting me to a hostile work environment where my safety was not a concern, and violence was tolerated. <u>I was violated under 1981 and VII civil rights act of 1964. Springs. V. Diamond Auto Glass 242 F.3d179 (4th circuit 2014) cited 765 times.</u>

5. July 19, 2019 I complained to Dawn Angrisani about a supervisor Mr. Armstrong who was harassing me which explains in EXHIBIT 2 attachments. He was the first shift supervisor and I worked the second shift, so he was not my direct supervisor. He followed behind me constantly one day and asked me why I don't speak to him, while I continually asked him to please leave me alone. She did nothing about it. When I started working at BAE in 2003, Mr. Armstrong was my supervisor then and had continually harassed me then as well. I had submitted a letter to Human resources in 2005 regarding the harassment. <u>I was violated under VII and 1981 and Virginia statute code 42U.S.C. 2000e-2 and section 2000e-2 unlawful employment practices.</u> In addition, Dawn Angrisani also hired a contractor named Benjamin Wright. He pulled out a knife on me a few years ago and she hired him back in 2019 and she placed him on the 2nd shift with me knowing full well he had pulled a knife out on me. His locker was 6 feet away from me, and he was advised to watch me. Her history of watching and harassing me was long and thorough. I was violated under the Civil rights act of 1964 VII and 1981 which puts me in a hostile work environment. Mr. Roundtree reported the incident and my supervisor Mr. Kenny Moore fired Mr. Wright for pulling the knife out on me. <u>Spriggs V. Diamond Auto Glass 242 F.3d 179 (4th circuit 2014) cited 765 times. Freeman V. Dale Tile Corp. 750 F.3d 413 (4th circuit 2014) cited 124 times.</u>



Pg. 12/18

4. April 4, 2019, I had just come back from foot surgery and I was walking slow and a digger by the name of Mr. Hanson bumped me out of the way while I was walking in front of him. At the time I was in a lot of pain the surgery had been day to 1 work injury and I was concerned if he bumped me again and I fell down it would damage my foot and put me back out on workers compensation which I was out of work for six months or ruin the work I had just had surgery to correct and which he never said excuse me and yelled at me. Mr. Charlie was a witness and part of the investigation and I mentioned indirectly that if he bumped me again I would be pressing charges. When the investigation was received Ms. Dawn Augustani said I discriminated against Mr. Hanson for not speaking to him who is a white male. Again subjecting me to a hostile work environment where my safety was not a concern, and violence was tolerated. I was violated under 1981 and 1981 civil rights act of 1964 Spriggs V. Diamond Auto Glass 242 F.3d 179 (4th circuit 2014) cited 735 times.

5. July 16, 2019 I complained to Dawn Augustani about a supervisor Mr. Armstrong who was harassing me which explains in EXHIBIT 2 attachments. He was the first shift supervisor and I worked the second shift, so he was not my direct supervisor. He followed behind me constantly one day and asked me why I don't speak to him, while I continually asked him to please leave me alone. She did nothing about it. When I started working at BAE in 2005, Mr. Armstrong was my supervisor then and had continually harassed me then as well. I had submitted a letter to Human resources in 2005 regarding the harassment. I am Iglaro under VII and 1981 and Virginia statute code 42 U.S.C. 2000e-2 and section 2000e-3 unlawful employment practices. In addition, Dawn Augustani also hired a contractor named Benjamin Wright. He pulled a knife on me a few years ago and she hired him back in 2019 and she placed him on the 2nd shift with me knowing full well he had pulled a knife on me. His locker was 6 feet away from me, and he was advised to watch out. His history of watching and harassing me was long and thorough. I was violence under the civil rights act of 1964 VII and 1981 which puts me in a hostile work environment. Mr. Kanadien reported the incident and my supervisor Mr. Kerry Morris fired Mr. Wright for pulling the knife on me Spriggs V. Diamond Auto Glass 242 F.3d 179 (4th circuit 2014) cited 705 times. Reagan V Delta Life Ins Comp. 759 F.3d 911 (4th circuit 2017) cited 124 cases.

6. August 3, 2017 Al Willis who is a white male hit and spit on Mr. Jenkins with no punishment. Al also called an Asian gentleman a wet back.
July 20, 2017 Al Willis hit an employee by the name of Shawnell Jones again he was not disciplined nor subjected to proper protocol to suspend him. Instead he was allowed to maintain his regular work duties and intimidate the same employees he had struck on a daily basis she did not fired him because he was white and interfere with my investigation to help Mr. Jenkins by not following protocol is when someone is assaulted or threaten is to suspend that person pending investigation which put me in a hostile work environment whereas myself and Mr.Jenkins had to work under pending investigation and was very intimidated. <u>Exhibit 5 shows the complaint.Title VII civil rights act of 1964 and 1981statue code 42 u.s.c.2000e-2.</u>

7. I was made to take a urine drug test 2x a year and Al Willis has never taken one in the 30 years he worked at BAE Systems even though there was cause based on his behavior and inability to treat other employees respectfully is because he is white and I'm black. <u>Title VII of the 1964 civil rights act and 1981statue code 42 u.s.c. 2000e-2 for racial discrimination.</u>

8. In the union contract it's noted that if an employee misses five days of work and it's a no-show no call they are automatically dismissed. An employee by the name of Mr. Algood was in jail for over thirty days and convicted of raping his step son and he was not terminated because he was white but yet I was fired for reporting what I witnessed about Mr. Odom putting his hands on Mr. Thompson because I am African American and Mr.Algood is a white male who is a register sex offender. A no call no show for 5 consecutive is also the same reason the employee Mr. Thompson was dismissed; he was also African American whereas we don't get the same treatment as white employees.

9. I was continually given poor reviews while other white coworkers like Charles Straub, who started in the same time frame as me in 2003were promoted numerous times and given crew leader positions and after working for 17 years with the company am only a 2 class mechanic because am an Africian American and my strong involvement with the Union from writing numerous of grievances and my strong stance for justice which I hope I may get from this court.

A.B

Part 5C

6. August 7, 2017 Al Willis who is a white male hit and spit on Mr. Jenkins with no punishment. Al also called an Asian gentleman a wet back.

July 20, 2017 Al W this hit an employee by the name of Sherwell Jones again he was not disciplined nor subjected to proper protocol to suspend him. Instead he was allowed to maintain his regular work duties and intimidate the same employees he had snuck on a daily basis she did not find him because he was white and interfere with my investigator to help Mr. Jenkins by not following amount is when someone is assaulted or threaten is to suspend that person pending investigation which put me in a hostile work environment whereas myself and Mr Jenkins had to work under pending investigation and was very intimidated. Exhibit 3 shows the complaint Title VII civil rights act of 1964 and 1991 rules 42 use c-2000e-2.

7. I was since taken a urine drug test 2x a year and Al Willis has never taken one in the 30 years as worked at RAF Systems even though there was cause based on his behavior and inability to treat other employees respectfully is because he is white and the black. Title VII of the 1964 civil rights act and 1991 rules rule 42 use c-2000e-2 for racial discrimination.

8. In the union contract it stated that if an employee misses five days of work and it's a no-show no call they are automatically dismissed. An employee by the name of Mr. Algood was in jail for over thirty days and convicted of raping his nap son and he was not terminated because he was white but yet I was fired for reporting what I witnessed about Mr. Odom pulling his hands on Mr. Thompson because I am African American and Mr.Algood is a white male who is a registered sex offender. A no call no show for 5 consecutive is also the same no son the employee Mr. Thompson was dismissed, he was also African American whereas we don't get the same respect as white employees.

9. I was continually given poor reviews while other white coworkers like Charles Strack, who starts in the same time frame as me in 2003 were promoted numerous times and given crew leader positions and after working for 17 years with the company and only a 2 class mechanic because am an African American and my strong involvement with the Union from writing numerous of grievance and my strong voice for justice which I hope I may get from this court.

10. Black coworkers go to the shop steward/union to negotiate grievances and White coworkers are told by management and human resources they don't need the shop steward; she speaks to them and protects them one on one. Undermining the validity of the union and the shop steward because the shop steward is black. Furthermore, I was defamed. My character and reputation were called into question and then denigrated. I went to work for seventeen years and carried myself ethically and honestly. I was well-organized, I was punctual, I was a team player and I helped my coworkers perform to the best of their abilities and ensure them a safe working environment. In return, I was investigated and I was invited to my discharge <u>hearing</u> where I was told they didn't want to <u>hear</u> my side of the story. Where the Human resources manager argued and challenged every word I said. When I realized I was not going to be provided any fairness or allowed a voice to speak on the incident that occurred, I walked to the parking lot only to find out they had the police waiting for me in the parking lot. I was devastated and disappointed at the same time. I was a 15-year employee and a shop steward and I had never threatened anyone with violence at work but they expected me to be so angry with their argumentative and aggressive behavior that I would be violent. Imagine going home after being wrongfully terminated and explaining to your wife and child that this is the world we live in, and this is how you can expect to be treated after providing years and years of service to a company.

11. What type of precedent does BAE set when a reliable and dependable employee and shop steward is targeted, scapegoated and relieved of employment for doing the very thing it was his job to do, protect the rights of shop employees and coworkers? I want to make sure that colleagues and coworkers that I have served dutifully for so many years get what they so richly deserve. A workplace devoid of toxicity and hatred and the systemic racism that is so common to this day and promoted by Dawn Angrisani.

12. I would just like my job back and be promoted to crew leader, <u>$1,000.000 (One Million Dollars) compensation for wrongful termination, $1,000.000(One Million Dollars)</u> for punitive damages, double cost for loss wages and make me whole.

*Ashley T. Brown*

10/8/2020

A.B



10 Black coworkers go to the shop steward/union to negotiate grievances and White coworkers are told by management and human resources they don't need the shop steward, she speaks to them and protects them one on one. Undermining the validity of the union and the shop steward because the shop steward is black. Further more, I was defamed. My character and reputation were called into question and then denigrated. I went to work for seventeen years and carried myself ethically and honestly. I was well-organized. I was punctual. I was a team player and I helped my coworkers perform to the best of their ability and ensure them a safe working environment. In return, I was retaliated and I was invited to my absolute hearing where I was told they didn't want to hear my side of the story. When the Human resources manager argued and challenged every word I said. When I realized I was not going to be provided any fairness or allowed a voice to speak on the incident that occurred, I walked to the parking lot only to find out they had the police waiting for me in the parking lot. I was devastated and disappointed at the same time. I was a 17-year employee and a shop steward and I had never threatened anyone with violence at work but they expected me to be so angry with their argumentative and aggressive behavior that I would be violent. Imagine going home after being wrongfully terminated and explaining to your wife and child that this is the world we live in and this is how you can expect to be treated after providing years and years of service to a company.

11 What type of precedent does UAW set when a reliable and dependable employee and shop steward is targeted, scrutinized and relieved of employment for doing the very thing it was his job to do, protect the rights of shop employees and coworkers? I want to make sure that colleagues and coworkers that I have served dutifully for so many years get what they so richly deserve. A work place devoid of toxicity and hatred and the systemic racism that is so common to this day and promoted by Dawn Angstant.

12. I would just like my job back and be promoted to crew lead & $1,000,000 (One Million Dollars) compensation for wrongful termination. $1,000,000 (One Million Dollars) for punitive damages. Double cost for lost wages and medical bills.

# INFORMATION FORM

## NOTICE:
(03/27/20)

- In conjunction with General Order 2020-08 re: COVID-19, the Clerk's office counters are closed to the public until further notice to minimize personal interactions.
- The public may use the drop box during hours when the court is closed but the buildings are open to the public.
- Clerk's Office staff retrieve documents from the drop boxes at 9:00 a.m. each day that the court is open.

Date: 10/13/2020

Case Name (if applicable): no numbd

Case Number(s) (if applicable): no number

Company/Firm: Pro Se

Name/Contact: Ashley T. Brown

Address: 5616 Morningside ct.

City, State, Zip: VA. Beach, VA. 23462

Phone: 757-574-4699

Email Address: Atbrown1867@aol.com

CHECK/MONEY ORDER ENCLOSED   Yes ✓   No ___   (CASH NOT ACCEPTED)

- IMPORTANT - Before placing your filing in the drop box, please ensure the following:
  - ✓ Case number and caption clearly identified on document(s).
  - ✓ Documents have been signed.
  - ✓ If documents are being filed by pro se litigant, please complete and sign the form titled: Local Rule 83.1(M) Certification and submit with your document(s).

- QUESTIONS? Please use provided drop box telephone to call
  - ✓ Richmond – 804-916-2220
  - ✓ Alexandria – 703-299-2100
  - ✓ Norfolk/Newport News - 757-222-7201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____ DIVISION

__Ashley T. Brown__
Plaintiff(s),

v.

__BAE System Norfolk Ship Repair__   Civil Action Number: _____
Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of __Complaint__.
(Title of Document)

__Ashley T. Brown__
Name of Pro Se Party (Print or Type)

__Ashley T. Brown__ (signature)
Signature of Pro Se Party

Executed on: __10/13/2020__ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

__no__
(Name of Attorney)

__no__
(Address of Attorney)

__no__
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

__none__
(Name of Pro Se Party (Print or Type)

__none__
Signature of Pro Se Party

Executed on: _____ (Date)